UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYLE BODDY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BRENT POURCIAU, et al.,<br><br>Defendants. | CASE NO. C18-1046JLR<br><br>ORDER TO SHOW CAUSE |

The court has reviewed Defendants Brent Pourciau and Top Velocity, LLC's (collectively, "Defendants") notice of removal (Not. (Dkt. # 1)) and finds that it does not adequately establish the court's subject matter jurisdiction. In addition, the court has reviewed the docket and finds that Defendants' motion to dismiss or transfer (MTD (Dkt. # 8)) may be moot because Plaintiffs Kyle Boddy and Driveline Baseball Enterprises, LLC ("Driveline") (collectively, "Plaintiffs") subsequently filed a second amended complaint (SAC (Dkt. # 10)). The court therefore ORDERS Defendants to show cause

ORDER - 1

within ten (10) days why the court should not remand this matter for lack of subject matter jurisdiction and why the court should not strike the motion to dismiss as moot.

Defendants assert that the court's jurisdiction is based on diversity of citizenship. (Not. at 4.) 28 U.S.C. § 1332 provides that district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000[.00] . . . and is between citizens of different states." 28 U.S.C. § 1332(a)(1). For purposes of assessing diversity, the court must consider the domicile of all members of a limited liability company ("LLC"). *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."); *see also* Local Rules W.D. Wash. LCR 101(e). Defendants allege that Mr. Pourciau is domiciled in Louisiana and Mr. Boddy is domiciled in Washington. (Not. at 4.) Defendants further allege that Driveline is a "Washington State [LLC] with its principal place of business in King County, Washington," and that Top Velocity is a "Louisiana [LLC] with its principal place of business in St. Tammany Parish, Louisiana." (*Id.*) Defendants fail, however, to allege the domicile of the LLCs' members (*see id.*), and they cannot establish diversity jurisdiction without doing so, *see Johnson*, 437 F.3d at 899. Thus, the court cannot confirm that it has subject matter jurisdiction. *See* 28 U.S.C. § 1332(a); *see also id.* § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

Additionally, the court notes that on July 24, 2018, Defendants filed a motion to dismiss or transfer (*see* MTD), and two days later, Plaintiffs filed a second amended

complaint (*see* SAC).  An amended complaint supersedes the prior complaint and renders the prior complaint without legal effect.  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012); *see also Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) ("[I]t is well-established that an amended complaint supersedes the original, the latter being treated thereafter as non-existent." (quotation marks omitted)).  Courts often apply this principle to deny as moot motions to dismiss a complaint that a plaintiff has since amended.  *See, e.g.*, *Wagner v. Choice Home Lending*, 266 F.R.D. 354, 360 (D. Ariz. 2009) ("As both motions pertain to Plaintiff's original complaint and Plaintiff has since filed an Amended Complaint, both Motions are now moot.").  Courts may, however, consider a motion to dismiss the prior complaint if the amended complaint suffers from the same deficiencies as the prior complaint.  *See, e.g.*, *Jordan v. City of Phila.*, 66 F. Supp. 2d 638, 641 n.1 (E.D. Pa. 1999) ("Since Counts IV through XII of the amended complaint suffer from the same deficiencies that are addressed in defendants' motion to dismiss, the court will allow the motion to dismiss these counts to be considered as addressing the amended complaint.").

However, the fact that the complaint at issue is a second amended complaint complicates the analysis because it is unclear whether Plaintiffs could file the second amended complaint as of right.  *See* Fed. R. Civ. P. 15(a)(1).  Plaintiffs amended their complaint once before removal (*see* Not.), which courts sometimes treat as the single amendment as of right that Federal Rule of Civil Procedure 15(a)(1) permits, *see Manzano v. Metlife Bank N.A.*, No. CIV 2:11651 WBS DAD, 2011 WL 2080249, at *3 (E.D. Cal. May 25, 2011) ("Because plaintiff filed her First Amended Complaint in state

court prior to removal to this court, plaintiff already amended her pleading once as a matter of course."); *see also Schnabel v. Lui*, 302 F.3d 1023, 1037 (9th Cir. 2002) ("When a state court action is removed to federal court, the removal is treated as if the original action has been commenced in federal court."); Fed. R. Civ. P. 15(a)(1). For those reasons, the court orders Defendants to show cause why their motion to dismiss should not be stricken as moot. In responding, Defendants must address the propriety of Plaintiffs' amendment. However, Defendants may stipulate to the amendment if they do not oppose it. *See* Fed. R. Civ. P. 15(a)(2).

In summary, the court ORDERS Defendants to show cause why the court should not remand for lack of subject matter jurisdiction and why the court should not strike the motion to dismiss as moot. Defendants must respond within ten (10) days of the date of this order and limit their response to no more than eight (8) pages. If Defendants fail to respond or otherwise demonstrate subject matter jurisdiction, the court will remand this matter to King County Superior Court.

Plaintiffs may, but are not required to, respond by the same date and subject to the same page limitation. If Plaintiffs respond, they must also address the propriety of amendment as of right.

Dated this 30th day of July, 2018.

JAMES L. ROBART
United States District Judge