UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYLE BODDY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRENT POURCIAU, et al., <br><br> Defendants. | CASE NO. C18-1046JLR <br><br> ORDER |

On July 30, 2018, the court ordered Defendants Brent Pourciau and Top Velocity, LLC (collectively, "Defendants") to show cause why the court should not remand this matter for lack of subject matter jurisdiction. (*See* 7/30/18 Order (Dkt. # 12).) Specifically, the court stated that Defendants' notice of removal failed to allege the domicile of Top Velocity's and Plaintiff Driveline Baseball Enterprises, LLC's ("Driveline") members, and they could not establish diversity jurisdiction without doing so. (*Id.* at 2); *see also* 28 U.S.C. § 1332(a)(1). The court also ordered Defendants to

show cause why their motion to dismiss should not be stricken as moot because Plaintiff Kyle Boddy and Driveline (collectively, "Plaintiffs") amended their complaint after the motion was filed. (*See* 7/30/18 Order at 4.) The court noted, however, that it was unclear whether Plaintiffs properly filed a second amended complaint without a court order or stipulation because Plaintiffs had previously amended their complaint in state court. (*See id.*) Before the court are Defendants' supplemental notice of removal and supplemental memorandum in support of their motion to dismiss, and the court construes those filings as Defendants' response to the court's order. (*See* Supp. Not. (Dkt. # 13); Supp. Memo. (Dkt. # 14).)

In their supplemental notice of removal, Defendants allege that Driveline's members are Mr. Boddy and James Michael Rathwell—both citizens of Washington—and that Top Velocity's sole member is Mr. Pourciau—a citizen of Louisiana. (Supp. Not. at 3.) Because Defendants' allegations demonstrate complete diversity of citizenship and an amount in controversy in excess of $75,000.00, the court is satisfied that it has diversity jurisdiction over this case.

In their supplemental memorandum, Defendants state that they stipulate to Plaintiffs amending their complaint a second time. (*See* Supp. Memo at 2.) Defendants also argue that the second amended complaint fails to demonstrate that the court has personal jurisdiction over them—an argument they make in their motion to dismiss. (*See*

//
//
//

ORDER - 2

*id.* at 2-3; *see also* MTD (Dkt. # 8).)  Thus, the court accepts Plaintiffs' second amended complaint and declines to strike Defendants' motion to dismiss.

Dated this 15th day of August, 2018.

JAMES L. ROBART
United States District Judge