UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYLE BODDY, et al.,<br><br>                Plaintiffs,<br>v.<br><br>BRENT POURCIAU, et al.,<br><br>                Defendants. | CASE NO. C18-1046JLR<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR AN EXTENSION OF TIME |

## I. INTRODUCTION

Before the court is Defendants Brent Pourciau and Top Velocity, LLC's (collectively, "Defendants") motion for an extension of time to respond to Plaintiffs Kyle Boddy and Driveline Baseball Enterprises, LLC's (collectively, "Plaintiffs") second amended complaint. (Mot. (Dkt. # 20); *see also* SAC (Dkt. # 10).) Plaintiffs filed a response in which they ask the court to order Defendants to answer the second amended complaint within seven (7) days of the date of the court's order. (Resp. (Dkt. # 21).) The court has considered the parties' submissions in support of and in response to the motion,

the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS in part and DENIES in part Defendants' motion and ORDERS Defendants to respond to Plaintiffs' second amended complaint within seven (7) days of the date of this order.

## II. BACKGROUND AND ANALSYSIS

On November 9, 2017, Plaintiffs initiated a lawsuit for libel in King County Superior Court against John Does, with the intention of amending the complaint after they discovered who was responsible for the disputed statements. (*See* SAC ¶ 20; Compl. (Dkt. # 8-1) at 4.) Upon learning Defendants' identities, Plaintiffs amended their complaint on June 20, 2018. (*See* FAC (Dkt. # 1-1).) Defendants then removed this matter to this court on July 17, 2018. (*See* Not. of Rem. (Dkt. # 1).) After removal, Plaintiffs filed a second amended complaint on July 26, 2018, in part to include additional claims. (*See* SAC ¶¶ 36-40; *see also* Def. Memo (Dkt. # 14) at 2 (Defendants stipulating to Plaintiffs amending their complaint for a second time).)

Defendants moved to dismiss this case for lack of personal jurisdiction and improper venue or, in the alternative, to transfer. (MTD (Dkt. # 8).) In response, Plaintiffs requested jurisdictional discovery if the court did not have sufficient facts to determine personal jurisdiction. (*See* Resp. (Dkt. # 17) at 5 n.15.) On September 27, 2018, the court denied Defendants' motion without prejudice and granted Plaintiffs 90 days to conduct jurisdictional discovery on the issues of specific and general personal jurisdiction. (*See generally* 9/27/18 Order (Dkt. # 19).)

//

Defendants now move for an extension of time "at least until January 7, 2019, which is ten (10) days after the close of the jurisdictional discovery period," to respond to Plaintiffs' second amended complaint. (*See* Mot. at 1-3.) Defendants represent that an extension is necessary because "[t]he parties are currently participating in jurisdictional discovery," and that Defendants "intend to re-raise the jurisdictional issue" after the close of discovery. (*Id.* at 2.) Defendants claim that responding to the second amended complaint before the end of jurisdictional discovery places them in an untenable situation: First, Defendants argue that any responsive pleading will require discovery beyond the scope of the jurisdictional issue, which would therefore "place an undue burden on Defendants." (*Id.* (citing 9/27/18 Order at 21 (the court explaining that, while personal jurisdiction remains in dispute, requiring Defendants to participate in discovery beyond the jurisdictional issue would place an undue burden on Defendants)).) Second, Defendants assert that, without an extension, they will be required to refile their motion to dismiss or transfer while jurisdictional discovery is ongoing so that they do not waive these arguments by filing some other response. (Mot. at 2-3.) According to Defendants, Plaintiffs ability to engage in jurisdictional discovery after Defendants refile their motion to dismiss or transfer would give Plaintiffs an "unfair advantage." (*Id.* at 3.)

Plaintiffs respond that "[j]urisdictional discovery is complete." (Resp. at 2.) Therefore, additional delay would not bolster Defendants' refiled motion to dismiss or transfer, nor would it provide Plaintiffs an unfair advantage. (*Id.*) Plaintiffs also point out that this case has already been pending for a year, and there is "no reason to give Defendants another two months to answer the [second amended] complaint." (*Id.* at 1-2.)

Defendants do not cite any law in their motion (*see generally* Mot.), but it appears that they request an extension pursuant to Federal Rule of Civil Procedure 6. Under Rule 6, when an act must be done within a specified time, the court may extend the time for good cause if the request for an extension is made before the original time or its extension expires. *See* Fed. R. Civ. P. 6(b)(1)(A). If the motion is made after the deadline has expired, the moving party must show that he or she "failed to act because of excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B).

Here, Defendants removed the case to this court on July 17, 2018. (*See* Not. of Rem.) Within the time Defendants had to respond to Plaintiffs' then-operative complaint, Defendants filed their motion to dismiss or transfer. (*See* MTD (filed July 24, 2018)); *see also* Fed. R. Civ. P. 81(c) (explaining the time periods in a removal action in which a defendant must respond to a complaint). Plaintiffs then filed their second amended complaint on July 26, 2018. (*See* SAC.) This complaint did not become operative, however, until August 15, 2018, when the court accepted it. (*See* 8/15/18 Order (Dkt. # 16) at 2-3.) Normally, a party must respond to an amended pleading "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). However, because Defendants' motion to dismiss or transfer was pending when the court accepted Plaintiffs' second amended complaint (*see* 8/15/18 Order at 2-3; *see generally* Dkt.), the deadline for Defendants' response was controlled by Federal Rule of Civil Procedure 12(a)(4), *see Jimena v. UBS AG Bank*, No. CV-F-07-367 OWW/SKO, 2010 WL 2353531, at *3 (E.D. Cal. June 9, 2010) (citing *General Mills, Inc. v. Kraft Foods Glob.,*

*Inc.*, 495 F.3d 1378, 1379 (Fed. Cir. 2007) (explaining that, when a Rule 12 motion is filed while there is still time remaining to respond to the original pleading, the Rule 12(a)(4) deadline controls when a defendant must respond to an amended pleading)). Pursuant to Rule 12(a)(4), Defendants' response to Plaintiffs' second amended complaint was therefore due within 14 days after the court ruled on Defendants' pending motion to dismiss or transfer. *See* Fed. R. Civ. P. 12(a)(4)(A).

The court denied Defendants' motion to dismiss or transfer on September 27, 2018. (*See* 9/27/18 Order.) Accordingly, Defendants had until October 11, 2018, to respond to the second amended complaint. Fed. R. Civ. P. 12(a)(4)(A). Defendants, however, filed their motion for an extension of time on November 9, 2018. (*See* Mot.) Therefore, to receive a time extension, Defendants must show that they failed to respond to Plaintiffs' second amended complaint because of "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B). In order to show excusable neglect, a party must show "good faith" and a "reasonable basis" for not complying with a deadline. *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994) (citing *In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1290 (10th Cir. 1974)).

Without explicitly stating it, Defendants seem to argue that their excusable neglect is tied to the fact that jurisdictional discovery remains ongoing. (*See generally* Mot.) Defendants claim that they could not adequately respond to Plaintiffs' second amended complaint within the prescribed time period, at least not without giving Plaintiffs an unfair advantage. (*Id.* at 2-3.) Plaintiffs, however, represent that jurisdictional discovery is now complete and this case is ready to move to its next stages. (*See generally* Resp.)

Thus, to the extent that Defendants' neglect was excusable because of ongoing jurisdictional discovery, that impediment has been lifted.

The court finds that Defendants exhibited excusable neglect in not responding to Plaintiffs' second amended complaint within the time prescribed by the federal rules. The court does not find that Defendants acted in bad faith by not responding earlier, and Defendants' failure to respond—seemingly due to a misunderstanding of their obligations during jurisdictional discovery—was reasonable. The court therefore GRANTS Defendants' motion for an extension of time due to Defendants' excusable neglect, but DENIES their request for an extension until January 7, 2019. Accordingly, the court ORDERS Defendants to respond to Plaintiffs' second amended complaint within seven (7) days of the date of this order.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Defendants' motion (Dkt. # 20) and ORDERS Defendants to respond to Plaintiffs' second amended complaint within seven (7) days of the date of this order.

Dated this 6th day of December, 2018.

JAMES L. ROBART
United States District Court