THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYLE BODDY et al.,

              Plaintiffs,

    v.

BRENT POURCIAU et al.

              Defendants.

CASE NO. 2:18-cv-01046-JLR

~~STIPULATED~~
PROTECTIVE ORDER

1.    <u>PURPOSES AND LIMITATIONS</u>

       Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER
(2:18-CV-01046-JLR)– 1

Peterson Baker PS
1220 Westlake Ave N. Suite D
Seattle, WA 98109
Tel. 206-257-3367
Fax 206-257-3371

1   2.    "CONFIDENTIAL" MATERIAL

2         "Confidential" material shall include the following documents and tangible things

3   produced or otherwise exchanged: sensitive, non-public, financial information, proprietary

4   competitive information, including but not limited to non-public financial and marketing analyses,

5   comparisons of competitor's products or services, and product/service expansion plans; and

6   proprietary financial information, including but not limited to customer and pricing lists, non-

7   public balance sheets, income statements, financial reports, or any other information the disclosure

8   of which to non-parties would create a substantial risk of economic harm or competitive disadvantage

9   to the producing party. Such information includes documents, information, or material that contains

10  trade secrets, proprietary financial or technical or commercially-sensitive competitive information,

11  including but not limited to strategic plans, technical documents that would reveal trade secrets, or a

12  third-party document to whom the party reasonably believes it owes an obligation of confidentiality

13  with respect to such documents.

14  3.    SCOPE

15        The protections conferred by this agreement cover not only confidential material (as

16  defined above), but also (1) any information copied or extracted from confidential material; (2) all

17  copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

18  conversations, or presentations by parties or their counsel that might reveal confidential material.

19        However, the protections conferred by this agreement do not cover information that is in

20  the public domain or becomes part of the public domain through trial or otherwise.

21  4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

22        4.1    Basic Principles. A receiving party may use confidential material that is disclosed

23  or produced by another party or by a non-party in connection with this case only for prosecuting,

24  defending, or attempting to settle this litigation. Confidential material may be disclosed only to the

25  categories of persons and under the conditions described in this agreement. Confidential material

26

STIPULATED PROTECTIVE ORDER
(2:18-CV-01046-JLR)– 2

1   must be stored and maintained by a receiving party at a location and in a secure manner that ensures

2   that access is limited to the persons authorized under this agreement.

3       4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered

4   by the court or permitted in writing by the designating party, a receiving party may disclose any

5   confidential material only to:

6           (a)    the receiving party's counsel of record in this action, as well as employees

7   of counsel to whom it is reasonably necessary to disclose the information for this litigation;

8           (b)    the officers, directors, and employees (including in house counsel) of the

9   receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

10  agree that a particular document or material produced is for Attorney's Eyes Only and is so

11  designated;

12          (c)    experts and consultants to whom disclosure is reasonably necessary for this

13  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14          (d)    the court, court personnel, and court reporters and their staff;

15          (e)    copy or imaging services retained by counsel to assist in the duplication of

16  confidential material, provided that counsel for the party retaining the copy or imaging service

17  instructs the service not to disclose any confidential material to third parties and to immediately

18  return all originals and copies of any confidential material;

19          (f)    during their depositions, witnesses in the action to whom disclosure is

20  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

21  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

22  transcribed deposition testimony or exhibits to depositions that reveal confidential material must

23  be separately bound by the court reporter and may not be disclosed to anyone except as permitted

24  under this agreement;

25          (g)    the author or recipient of a document containing the information or a

26  custodian or other person who otherwise possessed or knew the information.

STIPULATED PROTECTIVE ORDER
(2:18-CV-01046-JLR)– 3

**Peterson Baker PS**
1220 Westlake Ave N. Suite D
Seattle, WA 98109
Tel. 206-257-3367
Fax 206-257-3371

1    4.3    Filing Confidential Material. Before filing confidential material or discussing or

2 referencing such material in court filings, the filing party shall confer with the designating party,

3 in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will

4 remove the confidential designation, whether the document can be redacted, or whether a motion

5 to seal or stipulation and proposed order is warranted. During the meet and confer process, the

6 designating party must identify the basis for sealing the specific confidential information at issue,

7 and the filing party shall include this basis in its motion to seal, along with any objection to sealing

8 the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and

9 the standards that will be applied when a party seeks permission from the court to file material

10 under seal. A party who seeks to maintain the confidentiality of its information must satisfy the

11 requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.

12 Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with

13 the strong presumption of public access to the Court's files.

14 5.    DESIGNATING PROTECTED MATERIAL

15    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party

16 or non-party that designates information or items for protection under this agreement must take

17 care to limit any such designation to specific material that qualifies under the appropriate

18 standards. The designating party must designate for protection only those parts of material,

19 documents, items, or oral or written communications that qualify, so that other portions of the

20 material, documents, items, or communications for which protection is not warranted are not swept

21 unjustifiably within the ambit of this agreement.

22    Mass, indiscriminate, or routinized designations are prohibited. Designations that are

23 shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

24 unnecessarily encumber or delay the case development process or to impose unnecessary expenses

25 and burdens on other parties) expose the designating party to sanctions.

26

STIPULATED PROTECTIVE ORDER
(2:18-CV-01046-JLR)– 4

1    If it comes to a designating party's attention that information or items that it designated for

2 protection do not qualify for protection, the designating party must promptly notify all other parties

3 that it is withdrawing the mistaken designation.

4    5.2    Manner and Timing of Designations. Except as otherwise provided in this

5 agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

6 ordered, disclosure or discovery material that qualifies for protection under this agreement must

7 be clearly so designated before or when the material is disclosed or produced.

8    (a)    Information in documentary form: (*e.g.*, paper or electronic documents and

9 deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

10 the designating party must affix the word "CONFIDENTIAL" to each page that contains

11 confidential material. If only a portion or portions of the material on a page qualifies for protection,

12 the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

13 markings in the margins).

14    (b)    Testimony given in deposition or in other pretrial proceedings: the parties

15 and any participating non-parties must identify on the record, during the deposition or other pretrial

16 proceeding, all protected testimony, without prejudice to their right to so designate other testimony

17 after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the

18 transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

19 exhibits thereto, as confidential. If a party or non-party desires to protect confidential information

20 at trial, the issue should be addressed during the pre-trial conference.

21    (c)    Other tangible items: the producing party must affix in a prominent place

22 on the exterior of the container or containers in which the information or item is stored the word

23 "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

24 the producing party, to the extent practicable, shall identify the protected portion(s).

25    5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

26 designate qualified information or items does not, standing alone, waive the designating party's

STIPULATED PROTECTIVE ORDER
(2:18-CV-01046-JLR)– 5

**Peterson Baker PS**
1220 Westlake Ave N. Suite D
Seattle, WA 98109
Tel. 206-257-3367
Fax 206-257-3371

1    right to secure protection under this agreement for such material. Upon timely correction of a

2    designation, the receiving party must make reasonable efforts to ensure that the material is treated

3    in accordance with the provisions of this agreement.

4    6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

5            6.1     Timing of Challenges. Any party or non-party may challenge a designation of

6    confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

7    designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

8    burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

9    challenge a confidentiality designation by electing not to mount a challenge promptly after the

10   original designation is disclosed.

11           6.2     Meet and Confer. The parties must make every attempt to resolve any dispute

12   regarding confidential designations without court involvement. Any motion regarding confidential

13   designations or for a protective order must include a certification, in the motion or in a declaration

14   or affidavit, that the movant has engaged in a good faith meet and confer conference with other

15   affected parties in an effort to resolve the dispute without court action. The certification must list

16   the date, manner, and participants to the conference. A good faith effort to confer requires a face-

17   to-face meeting or a telephone conference.

18           6.3     Judicial Intervention. If the parties cannot resolve a challenge without court

19   intervention, the designating party may file and serve a motion to retain confidentiality under Local

20   Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

21   persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

22   made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

23   other parties) may expose the challenging party to sanctions. All parties shall continue to maintain

24   the material in question as confidential until the court rules on the challenge.

25   7.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

26   LITIGATION

STIPULATED PROTECTIVE ORDER
(2:18-CV-01046-JLR)– 6

**Peterson Baker PS**
1220 Westlake Ave N. Suite D
Seattle, WA 98109
Tel. 206-257-3367
Fax 206-257-3371

1    If a party is served with a subpoena or a court order issued in other litigation that compels

2 disclosure of any information or items designated in this action as "CONFIDENTIAL," that party

3 must:

4    (a)    promptly notify the designating party in writing and include a copy of the

5 subpoena or court order;

6    (b)    promptly notify in writing the party who caused the subpoena or order to

7 issue in the other litigation that some or all of the material covered by the subpoena or order is

8 subject to this agreement. Such notification shall include a copy of this agreement; and

9    (c)    cooperate with respect to all reasonable procedures sought to be pursued by

10 the designating party whose confidential material may be affected.

11 8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

12    If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

13 material to any person or in any circumstance not authorized under this agreement, the receiving

14 party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

15 (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

16 person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

17 and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

18 Bound" that is attached hereto as Exhibit A.

19 9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

20 MATERIAL

21    When a producing party gives notice to receiving parties that certain inadvertently

22 produced material is subject to a claim of privilege or other protection, the obligations of the

23 receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

24 is not intended to modify whatever procedure may be established in an e-discovery order or

25 agreement that provides for production without prior privilege review. The parties   agree to the

26 entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

STIPULATED PROTECTIVE ORDER
(2:18-CV-01046-JLR)– 7

**Peterson Baker PS**
1220 Westlake Ave N. Suite D
Seattle, WA 98109
Tel. 206-257-3367
Fax 206-257-3371

10.    <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: <u>May 1, 2019</u>                    /s/ Tyler C. Peterson
                                            Tyler C. Peterson, WSBA No. 39816
                                            PETERSON BAKER PS
                                            1220 Westlake Ave N. Suite D
                                            Seattle, WA 98109
                                            Ph: 206-257-3367
                                            Email: tyler@petersonbakerlaw.com


DATED: <u>May 1, 2019</u>                    /s/ Matthew Devereaux (*with permission*)
                                            Matthew L. Devereaux, LSBA No. 32125
                                            THE BEZOU LAW FIRM
                                            534 E. Boston Street
                                            Covington, Louisiana 70433
                                            t: (985) 892-2111
                                            Email: mdevereaux@bezou.com


STIPULATED PROTECTIVE ORDER
(2:18-CV-01046-JLR)– 8

1    PURSUANT TO STIPULATION, IT IS SO ORDERED

2    IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3    documents in this proceeding shall not, for the purposes of this proceeding or any other federal or

4    state proceeding, constitute a waiver by the producing party of any privilege applicable to those

5    documents, including the attorney-client privilege, attorney work-product protection, or any other

6    privilege or protection recognized by law.

7

8    DATED: 2 May 2019

9

10                                           James L. Robart
                                             United States District Court Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
(2:18-CV-01046-JLR)– 9

**Peterson Baker PS**
1220 Westlake Ave N. Suite D
Seattle, WA 98109
Tel. 206-257-3367
Fax 206-257-3371

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3       I, _____ declare under penalty of perjury that I have

4 read in its entirety and understand the Stipulated Protective Order that was issued by the United

5 States District Court for the Western District of Washington in the case of *Kyle Boddy et al. v.*

6 *Brent Pourciau et al.*, Case No. 2:18-CV-1046. I agree to comply with and to be bound by all the

7 terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

8 comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

9 promise that I will not disclose in any manner any information or item that is subject to this

10 Stipulated Protective Order to any person or entity except in strict compliance with the provisions

11 of this Order.

12      I further agree to submit to the jurisdiction of the United States District Court for the

13 Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

14 Order, even if such enforcement proceedings occur after termination of this action.

15 Date: _____

16 City and State where sworn and signed: _____

17 Printed name: _____

18 Signature: _____

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
(2:18-CV-01046-JLR)– 10

**Peterson Baker PS**
1220 Westlake Ave N. Suite D
Seattle, WA 98109
Tel. 206-257-3367
Fax 206-257-3371